## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Onelio Nicolas López | : |
| *Plaintiff,* | : |
| | :     CIVIL ACTION NO: |
| v. | : |
| | : |
| Ken Rocha Collision, LLC, Kenneth Rocha, | : |
| alias | : |
| | :     JURY TRIAL REQUESTED |
| *Defendants.* | : |
| | : |
| | : |

## **COMPLAINT**

## I.   INTRODUCTION

1. This is an action brought by Onelio Nicolas López, ("Plaintiff") against Defendants, Ken Rocha Collision, LLC, and Kenneth Rocha ("Defendant Rocha," collectively "Defendants"), arising from Defendants' failure to lawfully pay Plaintiff wages for his work.

2. Plaintiff regularly and consistently worked more than forty hours per week as a skilled "body man" in Defendants' auto repair enterprise. Defendants did not pay a premium rate for overtime hours as required by law.

3. Plaintiff occasionally worked on Sundays and was never paid a premium rate for these hours as required by law.

4. Defendants did not pay Plaintiff for the final nine days he worked at Defendants' auto repair facility.

5. Defendant Rocha continues to refuse to return or to compensate Plaintiff for a

Snap-On tool chest rightfully owned by Plaintiff

6.      Plaintiff alleges violations of the overtime and minimum wage provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Rhode Island Minimum Wage Act, R.I. Gen. Law §28-12-1, *et seq.* ("RIMWA")

7.      Plaintiff seeks his  overtime and Sunday wages, liquidated damages pursuant to the FLSA, liquidated and compensatory damages pursuant to RIMWA, and reasonable attorneys' fees, costs, and interest pursuant to FLSA and RIMWA.

8.      Plaintiff further alleges the conversion of his tool chest by Defendant Rocha and seeks just compensation for his property and the resulting injuries caused by Defendants' actions.

## II.      JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.

10.     With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is appropriate in the District of Rhode Island pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred within this judicial district.

## III.      THE PARTIES

12.     Plaintiff is a resident of Rhode Island.

13.     At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), by the RIMWA, §28-

12-2(5), and by R.I. Gen. Law § 28-14-1(2).

14. At all times relevant to the Complaint, Defendants were employers of Plaintiff as that term is defined by the FLSA, 29 U.S.C. §203(d), by the RIMWA, §§28-12-2(6), and by R.I. Gen. Law § 28-14-1(3)

15. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C.A. §203(b),(s)(1).

16. Defendant Ken Rocha Collision, LLC is a Limited Liability Corporation registered in the State of Rhode Island and engaged in auto repair services at 555 Cranston Street, Providence, Rhode Island.

17. Upon information and belief, Defendant Kenneth Rocha is the sole member, president, and sole shareholder of Ken Rocha Collision, LLC.

18. Upon information and belief, Defendant Rocha is a resident of Rhode Island.

19. At all times relevant to the Complaint, Defendant Kenneth Rocha made decisions regarding Plaintiff's wages, hours, working location, and working conditions.

## IV.    STATEMENT OF FACTS

20. Plaintiff López responded to an ad posted on Craigslist and was hired directly by Defendant Rocha at a wage of $20 per hour.

21. Plaintiff López was employed by Defendants from the middle of November 2015 through March 2016 to repair automobiles at the auto repair facility located at 555 Cranston Street, Providence, RI.

22. During all times relevant to this Complaint, Plaintiff López's hourly wage was $20.

23.   Upon information and belief, Defendants did not maintain a complete and accurate record of the hours worked by Plaintiff, wages earned by Plaintiff, and wages paid to Plaintiff.

24.   During Plaintiff's employment, Defendants did not pay Plaintiff a premium rate for overtime hours as required by law.

25.   During Plaintiff's employment, Defendants did not pay Plaintiff a premium rate for hours worked on Sundays as required by law.

26.   During all times relevant to this Complaint, Defendants held themselves out to be the employers of Plaintiff.

27.   From November 2015 until January 2016 Plaintiff was paid in cash at his regular hourly rate of $20 for all hours he worked including overtime, Sundays and holidays.

28.   In January 2016, Plaintiff López began receiving checks drawn on an account belonging to Defendant Ken Rocha Collision, LLC.

29.   The checks Plaintiff López received always included compensation for exactly forty (40) hours at his regular hourly wage of $20 regardless of the number of hours Plaintiff López actually worked in any given week.

30.   After he began receiving checks and until his last week of employment, Plaintiff López received cash each week in an amount equal to his regular hourly wage of $20 for each hour he worked above forty (40) hours.

31.   On average, Plaintiff López worked fifty-eight (58) hours per week while employed by Defendants.

32.   Plaintiff worked at least two Sundays while employed by Defendants.

33. When Plaintiff quit as a result of his concerns about how customers were being treated, Plaintiff was not compensated at all for his last nine (9) days of work.

34. When he began working for Defendants, Plaintiff agreed to provide his own tools and tool chest, as is customary for a skilled auto body worker.

35. Plaintiff had previously purchased tools from Snap-On along with a toolbox that cost $1,496.

36. Plaintiff kept his tool chest and tools at Defendant's auto repair facility, as is customary in the industry.

37. When Plaintiff resigned from his position with Defendants as a result of his concerns about how customers were being treated, Defendant Rocha refused to allow Plaintiff to retrieve his Snap-On tool chest.

38. On April 6, 2016 Plaintiff contacted the Providence Police for assistance in recovering his tool chest but the Police were unsuccessful in recovering it.

39. As a direct result of Defendant's refusal to return Plaintiff's tool chest, Plaintiff is unable to secure new employment as a skilled auto body worker, a position that entails compensation averaging $20 per hour.

40. After Plaintiff informed Defendants that Plaintiff was preparing to commence this civil action, Defendants paid Plaintiff the wages Defendants had witheld from the last nine days of employment, as well as a portion of the overtime wages that had been witheld.

## V.    COUNT ONE: FLSA VIOLATIONS

41. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 40.

42. Defendants' failure to pay minimum wages as required by federal law was willful,

inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and did not do so.

43. As described above, Defendants failed to pay Plaintiff at least one and a half times his regular hourly wage for hours over forty worked in each week and for hours worked on Sundays as required by federal law.

44. Defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and did not do so.

45. As a result of Defendants' unlawful conduct as described above, Plaintiff suffered a loss of wages.

## VI.      COUNT TWO: RIMWA OVERTIME VIOLATIONS

46. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 40.

47. As described above, Defendants failed to pay Plaintiff at least one and a half times his regular hourly wage for hours over forty worked in each week, and for hours worked on Sundays as required by Rhode Island law.

48. Defendants' failure to pay overtime wages as required by Rhode Island law was willful and/or in bad faith, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the RIMWA and did not do so.

49. As a result of Defendants' unlawful conduct as described above, Plaintiff suffered a loss of wages.

## VII.   COUNT THREE:  CONVERSION

50. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 40.

51. As described above, Defendants refused to allow Plaintiff López to retrieve his Snap-On tool chest valued at $1,496 and maintained control over the tool box without Plaintiff's consent.

52. Defendant's conversion of Plaintiff López's tool chest prevented Plaintiff López from obtaining similar employment as a mechanic and as a result he has been working for lower wages from April, 2016 until the present.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

53. Order Defendants to pay to Plaintiff all overtime wages owed, consistent with the FLSA and RIMWA;

54. Award Plaintiff liquidated damages for all federal minimum and overtime wages owed pursuant to 29 U.S.C. §216(b);

55. Award Plaintiff compensatory and liquidated damages for all Rhode Island minimum and overtime wages owed pursuant to R.I. Gen. Law §28-14-19.2(a);

56. Award Plaintiff reasonable attorneys' fees, costs and interest;

57. Award Plaintiff damages for the value of the Snap-On tool chest as well as lost wages that he suffered as a direct result of Defendant's unjust conversion of Plaintiff's tool chest; and

58. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

RESPECTFULLY SUBMITTED

Onelio Nicolas López,
By his attorneys,

/s/Kathleen Nee

Kathleen Nee, Bar no. 9375
1 Turks Head Place, Suite 1440
Providence, RI 02903
401-453-5633
katie@neelawoffice.com

/s/Shannah Kurland

Shannah Kurland, Bar no. 9186
149 Lenox Avenue
Providence, RI 02907
401.439.0518
skurland.esq@gmail.com