## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Onelio Nicolas López | : | |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION NO:1:16-cv-00661 |
| v. | : | |
| | : | |
| Ken Rocha Collision, LLC, Kenneth Rocha, | : | |
| alias | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, TO IMPOSE SANCTIONS, AND TO AWARD ATTORNEY'S FEES

## I. INTRODUCTION AND STATEMENT OF FACTS

This case arises from a claim for unpaid wages under the federal Fair Labor Standards Act and the Rhode Island Minimum Wage Act.  Plaintiff López made several good faith offers to settle the case even before filing the above-captioned action.  After filing, Plaintiff agreed to a settlement conference before formal discovery commenced.  The parties settled the case on March 24, 2017 at a settlement conference facilitated by Magistrate Lincoln Almond.  The parties agreed that Defendants would pay to Plaintiff a sum of $4,800, that Plaintiff would sign a general release and settlement agreement to be drafted by counsel for the Defendant and that the parties would sign a dismissal stipulation to be filed once payment had been made.

On April 10, 2017, Attorney Nee hand delivered the signed release to Attorney Leach. At that time, she also approved the filing of the dismissal stipulation with her electronic signature upon receipt of the settlement check.  On or about May 4, 2017, Attorney Nee sent an email to

1

counsel for the Defendant, Attorney Leach, to inquire as to when to expect then overdue settlement check.  Counsel for the Defendant responded that he wasn't sure but would inquire and that the Defendant was having some health problems and cash flow problems.

The next day, May 5, 2017, the Defendant personally appeared at the office of Attorney Kathleen Nee without counsel.  When Attorney Nee inquired as to why we was there, he stated something to the effect of, "I've paid my debt to society, there's $5,000 right here".  Defendant then walked out of the office and onto the elevator.  In the waiting room he left six (6) 5-gallon drums filled with an unknown quality of mixed coins.  See Exhibit 1.

Attorney Nee immediately called Attorney Leach to inform him of what had transpired. Over the course of several discussions that day, Attorney Nee informed Attorney Leach that she was not accepting the coins, that she was not able to even lift the drums (especially given the fact that she is pregnant), that she had no ability to secure coins, that BankRI would not accept the coins unless they were rolled, and that Attorney Leach should retrieve the drums of coins and issue a check to counsel for the Plaintiff.  Neither Attorney Leach nor the Defendant agreed to retrieve the coins.

Attorney Leach informed Attorney Nee that in addition to the mixed currency found in each of the 5-gallon drums, somewhere buried in one of them was the W-2 form that Plaintiff has been requesting for months, and that Defendant agreed at the Settlement Conference would be provided to Plaintiff along with the payment.

Prior to filing this motion, attorneys for the Plaintiff informed Attorney Leach they would be doing so, sent him a draft of the motion, and offered him the opportunity to resolve the situation without involving the Court.

## II. ARGUMENT

### A. THE COURT SHOULD ORDER THE DEFENDANT TO ISSUE A CHECK AND TO RETRIEVE THE UNKNOWN QUANTITY OF COINS

It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them. Flebotte v. Dow Jones & Co., Inc., No. 97-30117-FHF, 2001 U.S. Dist. LEXIS 21327, at *5-6 (D. Mass. June 28, 2001).  Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms. Id. at 8.

Here, the parties entered into a settlement agreement in the presence of Magistrate Almond.  The parties agreed to all material terms while still in Magistrate Almond's Chambers. Counsel for the Defendant drafted a general release pursuant to the settlement and Plaintiff duly signed the release.  This Court should enforce that agreement and order Defendant to pay a sum of $4,800 to Plaintiff in a reasonable manner.

At this time, Plaintiff considers the sum on $4,800 to be unpaid.  It is not reasonable to expect counsel for the Plaintiff to incur the expense and expend the time necessary to count, sort, roll, and transport coins to the bank.  Defendant's actions were mean spirited, outside the spirit of the settlement agreement and an affront to this Honorable Court.

### B. THE COURT SHOULD IMPOSE SANCTIONS FOR THE DELAY AND INCONVENIENCE CAUSED BY DEFENDANTS' PETTY AND DISRESPECTFUL BEHAVIOR.

When the parties agreed on a settlement figure, they agreed that payment would be made within 30 days. Plaintiffs therefore request sanctions in the amount of $250 per day since April 24, 2017, continuing until the settlement is paid in the form of a check.   The delay of eleven (11) days past the deadline for payment gave Defendant time to conjure up and execute a childish and

3

mean plan to disrespect this former employee, a man who simply wished to be paid for the hours

he worked.  A daily sanction is appropriate where this Defendant is thumbing his nose at the

Plaintiff, this Honorable Court, and state and federal law.

The Supreme Court of the United States made clear that the existence of a sanctioning

scheme in statutes and rules does not displace the court's inherent power to impose sanctions for

bad faith conduct. See <u>Chambers v. Nasco, Inc</u>., 501 U.S. 32 (1991).  Whereas rules-based sanc-

tions "reach only certain individuals or conduct, the inherent power extends to a full range of liti-

gation abuses" <u>Id.</u>at 46.

### C.  <u>**THE COURT SHOULD AWARD ATTORNEY'S FEES**</u>.

The court should also award attorney's fees for having to bring this motion.  Attorney's fees

may be awarded as a sanction for dilatory conduct. See 28 U.S.C. § 1927.   In this case,

Plaintiff's attorneys have spent well over four hours preparing this motion and memorandum at a

reasonable hourly rate of $250.  On the day Defendant delivered the drums of change counsel for

the Plaintiff counsel also spent approximately two hours on the telephone with counsel for the

Defendant, informing their client of the situation, inquiring at the bank as to whether they would

process the coins, and arranging for someone to move the coins from the waiting room to an

office.  Defendant's lawyer was in a position to and had an obligation to resolve this situation

without the need to file this motion.  Even if he could not convince his client to retrieve the

coins, he could have done so himself and issued a check to Plaintiff.   Plaintiffs therefore request

a fee award in the amount of $1,500.

## III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court issue an Order

providing for the following relief:

4

1. Enforcement of the settlement agreement.

2. Sanctions for the delay and inconvenience caused by defendants.

3. Attorney's fees for the time expended in addressing the situation and bringing this

   motion.

RESPECTFULLY SUBMITTED

Onelio Nicolas López,
By his attorneys,

/s/Kathleen Nee
Kathleen Nee, Bar no. 9375
1 Turks Head Place, Suite 1440
Providence, RI 02903
401-453-5633
katie@neelawoffice.com

/s/Shannah Kurland
Shannah Kurland, Bar no. 9186
149 Lenox Avenue
Providence, RI 02907
401.439.0518
skurland.esq@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the within motion with the United States District Court on this
8 day of May, 2017, that a copy is available for viewing and downloading via the ECF system.

/s/ Shannah Kurland
Shannah Kurland