**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Onelio Nicolas López<br>*Plaintiff*,<br><br>v.<br><br>Ken Rocha Collision, LLC, Kenneth Rocha, alias<br><br>*Defendants*. | CIVIL ACTION NO:1:16-cv-00661 |

**AFFIDAVIT OF KATHLEEN NEE**
**SUPPORTING MOTION FOR ATTORNEYS' FEES**

**A. Experience, Reputation and Ability of Counsel**

1. My name is Kathleen Nee. I am an adult and capable of making this affidavit.
2. I graduated from Roger Williams School of Law, *magna cum laude,* in May, 2014 as a participant in the honors program. I graduated from The University of Virginia with a Bachelor of Arts in 2003.
3. I was admitted to the bar in the State of Rhode Island in January, 2015 and to the United States District Court for the District of Rhode Island in February, 2015.
4. I am a sole practitioner and also the part-time attorney for the Rhode Island Department of Labor and Training Board of Review.
5. I am a member of the Rhode Island Bar Association, the Rhode Island Association of Criminal Defense Lawyers, and Rhode Island Association for Justice.
6. Since January, 2015, I have represented clients in criminal and civil cases in Rhode Island District and Superior Courts, the United States District Court for the District of Rhode Island, Rhode Island Traffic Tribunal, various municipal courts and before the Rhode Island

Commission for Human Rights.

7. In Spring, 2016 I participated in a comprehensive, thirteen hour CLE program offered by the Rhode Island Center for Justice, focused on civil practice as it applies to wage and hour litigation. Presenters included Rhode Island's leading employment law and civil practitioners.

**B. Billing Rate and Market Hourly Rate**

8. My fee of $250 per hour is based on conversations with attorneys of similar experience and skill level. My peers report similar billing rates.

**C. Reasonable Hours**

9. Since the post-settlement dispute began in the above-captioned case, I have maintained contemporaneous, detailed records of my time spent working on the case. As of this writing, have spent 6.6 hours working on this case, calculated as follows:

| Date | Task | Time |
|---|---|---|
| 5/5/17 | In person conversation with Defendant and moving coins from the waiting room to office | .25 |
| 5/5/17 | Phone call with Bruce Leach | .25 |
| 5/5/17 | Phone call to confer with co-counsel | .1 |
| 5/5/17 | Visit to BankRI to inquire as to whether they would accept coins | .25 |
| 5/5/17 | Phone call with Bruce Leach | .25 |
| 5/5/17 | Researched possible remedies | .5 |
| 5/8/17 | Drafted motion and supporting memorandum | 2 |
| 5/18/17 | Phone call to confer with co-counsel | .1 |
| 5/19/17 | Phone call with Bruce Leach regarding proposed conference call | .1 |
| 5/19/17 | Phone call to confer with co-counsel | .1 |
| 5/25/17 | Phone call with Bruce Leach regarding his clien’s court excusal | .1 |

| | | |
|---|---|---|
| 5/25/17 | Phone call to confer with co-counsel | .1 |
| 5/25/17 | Drafted and filed objection to Defendant's motion to enforce settlement | 1 |
| 5/26/17 | Show Cause Hearing | 1 |
| 5/30/17 | Preparation of fee avidavit | .5 |
| | **TOTAL HOURS** | **6.6** |

**10.** I affirm to the Court that all time reflected in my schedule of hours is work that was necessary to reach the successful outcome in Plaintiff's case.

**11.** In order to maintain the most efficient use of billable time, I have employed the following strategies throughout this case:

a) Travel time is not billed.

b) Time spent in client communications is carefully parsed to exclude any time spent conversing on topics outside the scope of this settlement dispute.

c) Conversations with co-counsel are strictly limited, so as to avoid duplication.

d) Quick emails with co-counsel or defense counsel are not included.

**12.** Through these strategies, I estimate that I have eliminated a total of 1 hour.

**13.** This total of waived hours does not include the substantial amount of time spent simply thinking about the case, which is not reflected in any way, shape or form, just as it would not be billed to a private client.

**D. Total Due**

**14.** At 6.6 hours billed at $250, I am owed $1,650.

I, Kathleen Nee, hereby declare under penalty of perjury that the foregoing statements are true and correct. I have executed this Affidavit on Tuesday, May 30, 2017.

*/s/Kathleen Nee*

Kathleen Nee.