**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Onelio Nicolas López
*Plaintiff*,

v.

Ken Rocha Collision, LLC, Kenneth Rocha, alias

*Defendants*.

CIVIL ACTION NO:1:16-cv-00661

**AFFIDAVIT OF SHANNAH KURLAND**
**SUPPORTING MOTION FOR ATTORNEYS' FEES**

**A. Experience, Reputation and Ability of Counsel**

1. My name is Shannah Kurland. I am an adult and capable of making this affidavit.
2. I graduated from Roger Williams School of Law, *magna cum laude,* in December, 2013 as a participant in the honors program and one of two Public Interest Scholars in my class. I graduated from Brown University with a Bachelor of Arts in 1990, and hold a Master of Arts in American Studies from the University of Massachusetts, Boston.
3. I was admitted to the bar in the State of Rhode Island in June, 2014 and to the United States District Court for the District of Rhode Island in February of 2015. I am a solo practitioner working for the Providence Youth Student Movement and am a member of the Rhode Island Bar Association, the Rhode Island Association of Criminal Defense Lawyers, Rhode Island Association for Justice, and the National Police Accountability Association (a professional association of attorneys who litigate §1983 claims).
4. Before attending law school, I worked for approximately twenty (20) years in the field of community organizing, in roles as lead organizer, executive director, trainer and consultant

and in various program and leadership roles for local and national organizations addressing social and economic issues including civil rights.

5. In 2014 I was one of fourteen (14) people in the United States awarded a Soros Justice Fellowship from the Open Society Foundations. The project for which I was selected was to develop legal resources in Rhode Island to address civil rights issues, particularly those involving police misconduct and §1983 claims.

6. Since June of 2014 I have represented clients in criminal cases in Rhode Island District and Superior Courts, civil cases in the United States District Court for the District of Rhode Island, Rhode Island Traffic Tribunal and Providence Municipal Court, and administrative proceedings before the Rhode Island Commission for Human Rights, the Providence Police Department, and the Providence School Department.

7. The criminal cases have resulted in two not guilty verdicts and several dismissals. In one of those, I successfully defeated a petition for certiorari to the Supreme Court of Rhode Island regarding a discovery matter. Of the eight federal civil cases in which I have entered as co-counsel or sole counsel, three have settled successfully and the others are pending.

8. In Spring, 2016 I participated in a comprehensive, thirteen CLE hour training program offered by the Rhode Island Center for Justice, focused on civil practice as it applies to wage and hour litigation. Presenters included Rhode Island's leading employment law and civil practitioners.

**B. Billing Rate and Market Hourly Rate**

9. My fee of $250 per hour is based on conversations with attorneys of similar experience and skill level. My peers report similar billing rates.

10. In my first case in the District of Rhode Island I was awarded an hourly rate of $150 by the District of Rhode Island, and that rate was not challenged by the defendant. (1:15-cv-00291-L-

LDA).

11. While the structure of my practice with a non-profit organization is generally pro bono and does not include direct hourly billing to clients, my clients understand and accept that if I were to bill on an hourly basis, the rate would currently be $250.

**C. Reasonable Hours**

12. Since the post-settlement dispute began in the above-captioned case, I have maintained contemporaneous, detailed records of my time spent working on the case. As of this writing, have spent 4.9 hours working on this case, calculated as follows:

| **Date** | **Task** | **Time** |
|---|---|---|
| 5/5/17 | Phone: speak w co-counsel, updates and strategize | .2 |
| | Phone: speak w client, review situation | .2 |
| | Email: poll colleagues re precedents, possible solutions | .3 |
| | Draft motion for attorney's fees and costs, send to defense counsel | .5 |
| 5/8/17 | Memo: revisions, procedural research, file | .4 |
| 5/11/17 | Phone: update to client | .2 |
| 5/18/17 | Phone: confer with co-counsel | .1 |
| | Draft and file reply to def motions | 1.0 |
| 5/19/17 | Phone: confer with co-counsel | .1 |
| 5/25/17 | Memo: review, suggest edit | .1 |
| | Phone: confer with co-counsel | .1 |
| | Phone: confer with client | .1 |
| 5/26/17 | Proceeding: hearing on motion | .6 |
| | Phone: update to client | .2 |
| 5/26 -27 | Fee affidavit | .8 |
| | **TOTAL HOURS** | **4.9** |

13. I affirm to the Court that all time reflected in my schedule of hours is work that was necessary to reach the successful outcome in Plaintiff's case.

14. In order to maintain the most efficient use of billable time, I have employed the following strategies throughout this case:

a) Travel time is not billed.

b) Time spent in client communications is carefully parsed to exclude any time spent conversing on topics outside the scope of this settlement dispute.

c) Conversations with co-counsel are strictly limited, so as to avoid duplication.

d) Quick emails with co-counsel or defense counsel are not included.

15. Through these strategies, I estimate that I have eliminated a total of 1 hour, approximately 20% of the remaining total.

16. This total of waived hours does not include the substantial amount of time spent simply thinking about the case, which is not reflected in any way, shape or form, just as it would not be billed to a private client.

**D. Total Due**

17. At 4.9 hours billed at $250, I am owed $1,225.

I, Shannah Kurland, hereby declare under penalty of perjury that the foregoing statements are true and correct. I have executed this Affidavit on Friday, May 26, 2017.

*/s/ Shannah Kurland*

Shannah Kurland, Esq.